United States District Court
for the
Southern District of Florida

| Gabriel Myrthil, Plaintiff, | ) |
| --- | --- |
| | ) |
| v. | ) |
| | ) Civil Action No. 18-23189-Civ-Scola |
| Schindler Elevator Corporation, | ) |
| Defendant. | ) |
| | ) |

## **Omnibus Order**

This matter is before the Court on an independent review of the record.

The Plaintiff Gabriel Myrthil ("Myrthil") originally filed this negligence suit in Florida state court. Defendant Schindler Elevator Corporation ("Schindler") timely removed the case, asserting jurisdiction under the federal diversity statute. (the "Notice," ECF Nos. 1, 5.) The Notice claims that Myrthil was a resident of Florida at all times material to this case. The complaint and Notice conflict on Schindler's state of incorporation and neither allege Schindler's principal place of business. After removal, Myrthil filed an amended complaint that did not allege Schindler's state of incorporation or principal place of business. Schindler's answer to the amended complaint also failed to identify those facts.

With leave of court, Myrthil filed a second amended complaint that identified New Jersey as Schindler's state of incorporation but did not allege Schindler's principal place of business. In the second amended complaint, 818 Lincoln Investments, LLC ("818") was named as a defendant for the first time. That filing alleged that 818 was a limited liability company organized under the laws of Florida. No allegations were made as to the identity of 818's members or their citizenships. Schindler and Myrthil then jointly filed their interim status report, the substance of which entirely failed to comply with this Court's scheduling order, (*see* ECF No. 10 at p. 2).

818 timely responded to the second amended complaint by filing a motion for more definite statement (the "Motion," ECF No. 21). Appropriately (and thankfully), 818 identifies the myriad deficiencies in Schindler's and Myrthil's jurisdictional allegations, and requests an order requiring Myrthil to fix them.

Apparently in response to the Motion, and without requesting or receiving leave of this Court, Myrthil filed a third amended complaint in clear violation of the Federal Rules of Civil Procedure and this Court's scheduling order. The third amended complaint alleges that Myrthil was a citizen of Florida, and again fails

to allege Schindler's principal place of business or the identity and citizenship of 818's members. A new defendant, Civilco Group General Contractors, LLC ("Civilco"), is named in the third amended complaint. Myrthil also fails to allege the identity and citizenship of Civilco's members.

Considering all of that, the Court reminds the parties and their counsel that this proceeding is very much governed by the Federal Rules of Civil Procedure, the Southern District of Florida Local Rules, the Court's scheduling order and the foundational law of diversity jurisdiction.

Now, the Court orders as follows:

1.) The motion for more definite statement (**ECF No. 21**) is **granted**.
2.) The third amended complaint is **stricken** for violating Federal Rule of Civil Procedure 15(a) and the January 4, 2019, deadline to join additional parties or amend pleadings in this case, per the Court's scheduling order (ECF No. 10).
3.) 818's motion to dismiss the third amended complaint (**ECF No. 23**) is **denied as a moot.**
4.) Because the presence or absence of federal subject matter jurisdiction speaks directly to the finality of any action by this Court,[1] the parties are ordered to ***jointly* show cause** by **February 19, 2019**, on the following subjects:
    a. Facts with Supporting Evidentiary Proffer:
        i. Myrthil's state of citizenship for diversity purposes.
        ii. The state or states of citizenship of Schindler, a corporation, for diversity purposes. Legal research will be required to determine this.
        iii. The citizenship of 818, a limited liability company, for diversity purposes. Legal research will be required to determine this.
        iv. The citizenship of Civilco, a limited liability company, for diversity purposes. Legal research will be required to determine this.
    b. Legal Analysis With Citation to Binding Supreme Court and 11th Circuit Case Law:
        i. Whether federal subject matter jurisdiction existed in this case at the time of removal considering the above facts.

---

[1] *See, e.g., Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 581-82 (2004) (affirming post-verdict dismissal for lack of subject matter jurisdiction, wiping out six and a half years of litigation).

ii. Whether 818's joinder is permissive or compulsory, and the effect that such joinder has on the existence of federal subject matter jurisdiction in this case.
iii. Whether Civilco's joinder is permissive or compulsory, and the effect that such joinder has on the existence of federal subject matter jurisdiction in this case.
c. The joint submission shall not exceed 25 pages, shall include evidentiary support for every jurisdictional fact alleged, and shall cite to binding 11th Circuit and Supreme Court precedent to support each legal conclusion reached.
d. Failure to comply with any of the above will result in the imposition of appropriate sanctions, which may include: striking of pleadings, remand without notice, or further briefing.
e. In lieu of the above, the parties may stipulate to remand this action back to the Florida state court. This option is also available (and required) should the parties determine that federal subject matter jurisdiction does not exist in this case.

5.) In the event the parties determine that federal jurisdiction exists in this case, Myrthil shall promptly seek leave to file a third amended complaint.
6.) The joint interim status report (**ECF No. 20**) is **stricken** for non-compliance with the Court's scheduling order, both with respect to timing and substance. The parties are ordered to jointly filed an interim status report in compliance with the scheduling order by **February 21, 2019**.

**Done and ordered**, in Chambers, at Miami, Florida on February 11, 2019.

Robert N. Scola, Jr.
United States District Judge